UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jose Oscar Aguilar Santa Maria,<br>Petitioner<br>v.<br>Officer in Charge,<br>Respondent[1] | Case No. 2:26-cv-02126-CDS-EJY<br>**Order Addressing Service, Appointment of Counsel, and Denying Petitioner's Emergency Motions**<br>[ECF Nos. 1, 2, 3] |

Petitioner Jose Oscar Aguilar Santa Maria, an immigration detainee, is challenging the lawfulness of his federal detention at Nevada Southern Detention Center. Pet., ECF No. 1. The petition alleges that he has been subjected to prolonged detention without adequate justification and his due process rights have been violated. *Id.* at 7. The petitioner did not bring this action; rather, his mother filed the petition and two emergency motions on his behalf. For the reasons set forth herein, I deny the petitioner's emergency motions without prejudice, order service of the petition but defer ruling on it, and appoint counsel for the petitioner.

## I. Discussion

As a threshold matter, the court must address how this petition was filed. It is well-established in Nevada courts that an individual may represent himself or herself in court, but there is no rule or statute that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court") (citing *Salman v. Newell*, 885 P.2d 607 (Nev. 1994)); 28 U.S.C. § 1654 (providing that pro se litigants have the right to plead and conduct their own cases **personally**); *Cato v. United*

[1] The court liberally construes the petition as asserting claims against John Mattos.

*States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in [their] own behalf").

Here, the petition was filed by Aguilar Santa Maria's mother, who, based on the information before the court, is not an attorney. Thus, the petition was improperly filed. However, as explained herein, the court defers ruling on the petition and appoints counsel. So, in the interests of justice, I neither deny nor strike the petition. However, the court denies without prejudice the two pending motions as improperly filed for two reasons: (1) they were filed by a non-attorney on the petitioner's behalf, and (2) they did not comply with Local Rule 7-4. *See* LR 7-4(a) (requiring that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." (cleaned up). "If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *Id.*)

As for the petition, I defer ruling on it because it lacks sufficient information to determine under what statutory authority the petitioner is detained or what constitutional claims Aguilar Santa Maria may have. I find that the appointment of counsel is in the interests of justice due to the potential complexities of this case, and that permitting counsel to file an amended petition is warranted.[2] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

## II. Conclusion

It is therefore ordered that ruling on Aguilar Santa Maria's petition **[ECF No. 1] is deferred.**

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

It is further ordered that Aguilar Santa Maria's emergency motion for stay **[ECF No. 2]** and emergency motion for bond determination **[ECF No. 3] are DENIED without prejudice.**

It is further ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by July 23, 2026. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 14 days to file either an amended petition or a motion to dismiss the petition, and (2) must effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. <u>ADD</u> the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.[3]
2. <u>SEND</u> a copy of the petition (ECF No. 1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.
3. <u>MAIL</u> a copy of the petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

[3] Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition. The petitioner will have five days to file a reply. In filing a response, the respondents must also provide a copy of any and all of the following (if applicable): (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, the federal respondents may **CERTIFY** that any of these listed documents are not in their custody or control.

4. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[4] until further order of the Court. In the event of lawful deportation, the respondents' counsel must file a notice with the Court within five days of removal.

Dated: July 15, 2026

Cristina D. Silva
United States District Judge

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").